FILED

UNITED STATES DISTRICT COURT Oct 31   3 40 PM '03

DISTRICT OF CONNECTICUT

U.S. DISTRICT COURT
NEW HAVEN, CONN.

ESTATE OF RITA GENECIN, by :
VICTOR GENECIN, Personal :
Representative, :
    Plaintiff, :
                        :
                        :   CIVIL NO. 3:01CV00211(MRK)
                        :
VS. :
                        :
PAUL GENECIN and VICTOR GENECIN, :   OCTOBER 31, 2003
in his individual capacity, :
    Defendants. :

CONSENT MOTION TO MODIFY SCHEDULING ORDER

Plaintiff in the above matter hereby move to modify the scheduling deadlines set forth in the case management plan previously approved by the Court. In support thereof, plaintiff states as follows:

1. Under the current scheduling order, issued in response to the plaintiff's consent motion of September 26, 2003, discovery was to have been concluded by October 31, 2003, and dispositive motions filed by November 30, 2003.

2. At the time those dates were requested and approved, it was anticipated that the final necessary deposition in the case, of defendant Paul Genecin's wife, Victoria Morrow, would take place on October 29th.

3. It did not become apparent until Paul Genecin's deposition on June 2, 2003 that Ms. Morrow's testimony would be necessary. Her deposition was scheduled at defense counsel's request for September 16, 2003, apparently the first date when she and defense counsel were available. In the meantime, the parties completed the deposition of Paul Genecin, Victor Genecin, and a non-party witness.

4. Shortly prior to the scheduled September 16th deposition, it had to be postponed at defense request due to the trial obligations of Patrick Noonan, Esq., counsel for Paul Genecin. Plaintiff's counsel were ready and prepared to go forward with the deposition as scheduled.

5. Based on Attorney Noonan's request, the deposition was re-scheduled for October 29, 2003, the first day when defense counsel and the witness were both available.

6. After the October 29th deposition was scheduled, plaintiff's counsel were informed by Attorney Noonan's office that he was required to attend a mediation that day in federal court, for the entire day, and thus that the Morrow deposition could not go forward on October 29th. Again, plaintiff's counsel were prepared to go forward on that date. No other dates prior to the October 31, 2003 discovery deadline were offered.

7. Plaintiff's counsel have attempted to accommodate the scheduling concerns of defense counsel and Ms. Morrow in a professional manner, without involving the Court. At this point, however, we are faced with a discovery deadline and conflicting scheduling obligations. Counsel would prefer not to have to take the unilateral step of subpoenaing Ms. Morrow for a date certain, without regard to opposing counsel's concerns.

8. Based on the foregoing, the parties request modification of the previously-entered scheduling order as follows: all discovery to be completed and any damages analysis submitted by November 30, 2003; dispositive motions to be filed on or before December 31, 2003; joint trial memorandum to be filed 30 days after the Court's ruling on any dispositive motions; case to be ready for trial 30 days after ruling on any dispositive motion, or, in the event no such motions are filed, by December 31, 2003.

9. Further, plaintiff's counsel request an order from the Court directing that the Morrow deposition be completed within this extended period. We are happy to provide dates to the Court on which counsel are available.

10. The Court has scheduled a telephone status conference in this matter for November 18, 2003 at 2:45 p.m. Counsel can further address the scheduling issue during that conference.

3

11. One prior joint motion and one consent motion were filed to modify the Court's scheduling order.

WHEREFORE, plaintiff requests modification of the Court's scheduling order as detailed above.

                         THE PLAINTIFF,
                         ESTATE OF RITA GENECIN, by VICTOR
                         GENECIN, Personal Representative

By _____
    David T. Grudberg, ct01186
    JACOBS, GRUDBERG, BELT & DOW, P.C.
    350 Orange St.
    P.O. Box 606
    New Haven, CT  06503
    Ph.:(203) 772-3100
    Fax:(203) 772-1691
    Email: dgrudberg@jacobslaw.com

    Richard Mattiaccio
    Pavia & Harcourt
    600 Madison Ave.
    New York, N.Y. 10022
    Ph.: (212) 508-2311
    Fax: (212) 980-3185
    rmattiaccio@pavialaw.com