

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

ESTATE OF RITA GENECIN, by
VICTOR GENECIN, Personal
Representative,
    Plaintiff,                       :    Civil No. 3:01CV00211(MRK)

VS.

PAUL GENECIN and VICTOR GENECIN,
in his individual capacity,
    Defendants.                     :    JANUARY 21, 2004

## DEFENDANT'S LOCAL 56(A)2 STATEMENT

Defendant Paul Genecin hereby responds to plaintiff's Local Rule 56a(1) statement as follows:

1-39.   Admitted.

40.    The allegations contained in paragraph 40 are denied as stated. As previously pointed out in defendant's motion for summary judgment and supporting papers, Rita Genecin deeded her home to her two sons after January 4, 2000 in order to remove any doubt as to the validity of gifts of artwork she had made to both of them.

41.-55. Admit.

56.-58. The allegations contained in paragraph 56 are denied as stated. As detailed in defendant's motion for summary judgment and supporting papers, there are two conflicting documents dated October 8, 1998. The defendant does not admit

DELANEY, ZEMETIS, DONAHUE, DURHAM & NOONAN, P.C.
CONCEPT PARK • 741 BOSTON POST ROAD
GUILFORD, CONNECTICUT 06437
TEL: (203) 458-9168 • FAX: (203) 458-4424
JURIS NO. 415438

      that the penciled-in 60/40 designation on one of those documents is in Rita Genecin's handwriting, nor is there any evidence to support that statement.

59. Admit.

60. Denied. As noted in defendant's motion for summary judgment and supporting papers, it is unknown which of the two documents was executed by Rita Genecin first. However, it is physically impossible for them to have been signed by her "simultaneously."

61. Admit.

62.-71. Admit.

72. The allegations contained in paragraph 72 are admitted, except that it is denied that there is any evidence to show that the 60/40 designation is in Rita Genecin's handwriting, as outlined in defendant's motion for summary judgment and supporting papers.

73. Admitted.

74. It is unclear what is meant by paragraph 74, and therefore defendant has difficulty admitting or denying it. If the paragraph is intended to suggest that Paul Genecin does not dispute that Schwab's Office of Corporate Counsel sent a letter dated December 20, 2000, Paul Genecin does not dispute that letter. Furthermore, he does not dispute the fact that that letter enclosed two of three beneficiary designation documents relevant to this case.

THE DEFENDANT,
PAUL GENECIN

By _____
Patrick M. Noonan
Delaney, Zemetis, Donahue,
Durham & Noonan, P.C.
741 Boston Post Road
Guilford, CT 06437
(203)458-9168

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, on the above-written date, to:

David T. Grudberg
Jacobs, Grudberg, Belt & Dow, P.C.
350 Orange street
P.O. Box 606
New Haven, CT 06503

Richard L. Mattiaccio, Esquire
Pavia & Harcourt
600 Madison Avenue
New York, NY 10022

Victor Genecin, Esq.
Pavia & Harcourt
600 Madison Avenue
New York, NY 10022

_____
Patrick M. Noonan