UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

ESTATE OF RITA GENECIN, by :
VICTOR GENECIN, Personal :
Representative, :
    Plaintiff, :    Civil No. 3:01CV00211(MRK)
 :
VS. :
 :
PAUL GENECIN and VICTOR GENECIN, :
in his individual capacity, :
    Defendants. :    FEBRUARY 3, 2004

### DEFENDANT PAUL GENECIN'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

In view of the fact that this is the third brief prepared by the defendant in connection with the cross motions for summary judgment and recognizing that the plaintiff's memorandum in opposition to the defendant's motion for summary judgment largely repeats arguments previously made in plaintiff's memorandum in support of his motion for summary judgment, the defendant will endeavor in this memorandum to respond only to new arguments raised by the plaintiff in his January 21, 2004 memorandum.

    1.    <u>Maryland's Dead Man's Statute Does Not Bar The Testimony Of Either Dr. Genecin Or Dr. Morrow.</u>

The Maryland Dead Man's Statute simply does not have the sweeping force attributed to it by plaintiff's counsel. Indeed, Maryland Courts have "consistently favored admissibility of testimony in close cases involving the Dead Man's Statute." <u>Trupp v. Wolff</u>, 24 Md. App. 588, 599, 335 A.2d 171, 178 (Md. Ct. Spec. App. 1975). Interestingly, the plaintiff's brief ignores the fact that Mrs. Genecin announced the gift of the Lautrec, not only to Paul Genecin,

DELANEY, ZEMETIS, DONAHUE, DURHAM & NOONAN, P.C.
CONCEPT PARK • 741 BOSTON POST ROAD
GUILFORD, CONNECTICUT 06437
TEL: (203) 458-9168 • FAX: (203) 458-4424
JURIS NO. 415438

but also to Dr. Morrow. There is no Maryland case which would support a conclusion that the testimony of the spouse of a party should be precluded under the Dead Man's Statute. Indeed, the cases are to the contrary. See Marx v. Marx, 127 Md. 373, 96 A. 544 (1916) (affirming trial court's decision that the husband of a party to the action was allowed to testify despite his obvious "interest" in seeing his wife prevail); Downes v. Maryland and Delaware Railway Co., 37 Md. 100, 1872 WL 4444 (1872) (holding that a shareholder of a corporation, which was a party to the action, was allowed to testify despite the shareholder's obvious interest); Guernsey v. Loyola Federal Savings & Loan, 226 Md. 77, 172 A.2d 506 (1961) (allowing officer of a corporation, which was a party, to testify despite the officer's interest in seeing his corporation prevail); Schaefer v. Spear, 148 Md. 620, 129 A. 898 (1925) (permitting the testimony of legatees under a will who would benefit from a recovery by the Executor). In reliance on the foregoing cases, the court in Trupp held that the mother of a party to the lawsuit was not prohibited from testifying concerning her interactions with the deceased in connection with a gift of securities, despite the fact that the mother may well have had an emotional interest in seeing her daughter prevail in the action. See Trupp, 335 A.2d at 178.

It is clear from these cases that the testimony of Dr. Morrow is not precluded under the Dead Man's Statute. Thus, her evidence regarding the fact that Mrs. Genecin had stated in Dr. Morrow's presence that she was giving the Lautrec to Dr. Genecin is admissible. A case on point is Stacy v. Burke, 259 Md. 390, 269 A.2d 837 (1970). In that case the Court held that it was proper to permit the testimony of a party's aunt to the effect that the decedent had expressed his intention to make gifts to the witness' nephew. Id. at 405-06, 269 A.2d at 845-

47. See also Snyder v. Crabbs, 263 Md. 28, 282 A.2d 6 (1971) (holding that decedent's sister's testimony regarding claim by sister for recovery for personal services was not barred by Dead Man's Statute). In the instant case, Dr. Morrow's deposition and affidavit testimony establishes that: (1) Rita Genecin announced in the presence of Dr. Morrow the gift of the Lautrec to Paul Genecin; and (2) the signature on the January 4, 2000 Deed of Gift is Rita Genecin's. Similarly, the Dead Man's Statute would not preclude the testimony of Victor Genecin that the signature on the January 4, 2000 Deed of Gift appears to be that of his mother. See Deposition of Victor Genecin, p. 10-11 (attached hereto as Exhibit A).

In light of the undisputed testimony from Victor Genecin and Dr. Morrow that the signature on the January 4, 2000 Deed of Gift is Rita Genecin's, and in light of Dr. Morrow's testimony that Rita Genecin had announced her intent to make the gift, there is also no reason under the Dead Man's Statute to exclude the testimony of Dr. Genecin on the subject. Thus, it has been held: "Where there is no doubt that a statement was made by the decedent and the circumstances of its having been made is known to all parties, there is no basis for concluding that there is a substantial inequality with regard to the opportunity of the parties to give testimony." Montgomery County v. Herliahy, 83 Md. App. 502, 512, 575 A.2d 784 (Md. Ct. Spec. App. 1990).

  2. **That The Defendant Has Pointed To Several Pieces of Evidence To Establish Rita Genecin's Donative Intent Does Not Detract From The Defendant's Claim.**

Plaintiff's brief suggests that the fact that Paul Genecin has directed the Court to a variety of ways in which Rita Genecin evidenced her donative intent is somehow contradictory. The evidence establishes that Rita Genecin took several steps to effect the gift.

3

She announced to both Dr. Genecin and Dr. Morrow that the Lautrec was Paul Genecin's. She told her son several times that he should take the Lautrec to his home in New Haven. She executed an unequivocal Deed of Gift. Finally, she deeded an undivided interest in her home to him and to Victor Genecin in order to make sure that there would be no question as to the gifts of artwork she had made to both sons. It would be difficult to imagine stronger proof of a donor's donative intent from the evidence in the present case, nor is there any contradiction in the plaintiff pointing the Court to all of the ways Mrs. Genecin expressed her donative intent.

3.   There Is No Evidence To Support Plaintiff's Claim That Paul Genecin Failed To Accept The Gift Of The Lautrec.

"Acceptance of the gift is presumed until the contrary is shown." Allender v. Allender, 199 Md. 541, 546, 87 A.2d 608 (1952). The fact that Paul Genecin felt that it was imprudent to remove the Lautrec from Baltimore during his two trips there prior to his mother's death does not establish a refusal to accept the gift. As noted in the defendant's brief in support of motion for summary judgment, on one occasion Paul Genecin had dogs to carry in the rear of the station wagon, and on another his mother had given him glassware to transport. That Dr. Genecin did not want to risk damaging the Lautrec by putting it in the back of his station wagon at a time when other articles had to be transported does not establish that he refused to accept his mother's gift to him. Plaintiff has no evidence to rebut the presumption of acceptance referred to in the Allender case.

4.   It Was "Impracticable" To Remove The Lautrec From Baltimore.

The plaintiff argues that the fact that Paul Genecin was able to remove the Lautrec after

4

his mother's death is an indication that it was not "impracticable" to do so prior to her death. This argument is specious. Dr. Genecin did not have either the dogs or the glassware to transport when he transported the Lautrec to New Haven after his mother's death. Further, the fact that the house in Baltimore would be vacant after Rita Genecin's death made it imperative that the artwork be removed for safekeeping at that time.

     5.    <u>The Plaintiff Has Ignored The Significance Of The Transfer Of Rita Genecin's House To Paul Genecin And Victor Genecin</u>.

The plaintiff argues that the change in ownership of the home cannot by itself effect a change in title to the Lautrec. The defendant agrees. Of course, the proof in the present case is not limited to a transfer of ownership of the house. As noted above, Mrs. Genecin announced to her son and his wife that the Lautrec belonged to Paul; she then executed the Deed of Gift; and she urged her son to take the lithograph to his home in New Haven. Thus, this is not a case in which the sole evidence of donative intent was the transfer of an ownership interest in Mrs. Genecin's house. In fact, the defendant has never argued that the only indicia of donative intent in this case was the transfer of the house. Thus the case law cited by plaintiff is simply inapposite. However, once Rita Genecin transferred the house in an effort to remove any doubt as to the effect of the gifts she had made to both of her sons, there was no need for Paul Genecin to remove the Lautrec in order to complete the gift. The plaintiff has yet to cite a case where a gift was held to be incomplete because the donee had failed to remove the gift from a house partially owned by the donee.

     6.    <u>Plaintiff Ignores Maryland Law With Respect To The Fractional Deeds of Gift</u>.

The parties are in agreement that in order to establish a valid gift, three elements must be shown: donative intent, delivery and acceptance. See Hamilton v. Caplan, 69 Md. App. 566, 573-74, 518 A.2d 1087, 1090-91 (Md. Ct. Spec. App. 1987). With respect to the fractional Deeds of Gift, no donative intent has been established by the defendant. To the contrary, the obvious purpose of the creation of those documents was tax avoidance. There also has been no evidence of delivery. Indeed, the undisputed evidence is that Mrs. Genecin neither delivered those instruments to the putative donees nor informed them of their existence. Finally, while Maryland law does presume acceptance in the absence of evidence to the contrary, the fact that the putative donees were unaware of the "gift" of the $1/15^{th}$ shares provides evidence that there was, indeed, no acceptance. Accordingly, the fractional share instruments are not valid under Maryland law and must not be given effect by this Court.

7.    The Plaintiff's Argument Regarding The Fractional Shares Is Disingenuous.

It is difficult to reconcile plaintiff's argument that the Court should give effect to the fractional share documents when deciding whether Rita Genecin had already conveyed the Lautrec to Dr. Genecin with his suggestion that the Court ignore those same documents once the Court has ruled that they defeat the gift. The only "argument" offered in support of this suggestion that the Court should act in this inconsistent matter is the assertion that Paul Genecin has not made any claim pursuant to the fractional share Deeds of Gift in the Probate proceeding in Maryland. This "argument" ignores plaintiff's prior assertion that title to the Lautrec must be decided in this Court and cannot be decided by the Orphan's Court in

6

Maryland. See Plaintiff's Memorandum in Support of Motion for Prejudgment, Replevin or Preliminary Inunction, p. 2.

As already discussed, defendant urges the Court to find that the fractional Deeds of Gift are ineffective under Maryland law and therefore did not revoke the January 4, 2000 Deed of Gift. However, the fact that Paul Genecin's wife and sons are not parties to this action does not prevent the Court from making an appropriate order with respect to ownership, in the event that the Court determines that Paul Genecin is not the sole owner of the lithograph. The complaint in this action seeks an order "settling title" to the Lautrec, and nothing prevents the Court from doing just that. If the Court decides to give effect to the fractional Deeds of Gift, then they should be given their full effect with the result that $4/15^{ths}$ of the Lautrec should be awarded to Paul Genecin and his immediate family.

8. Plaintiff's Argument Regarding The IRA Improperly Places The Burden Of Proof On The Defendant.

Plaintiff, at page 30 of his Brief in Opposition to the Defendant's Motion for Summary Judgment, is critical of the defendant for noting that there is no evidence to support the assertion by plaintiff that Rita Genecin placed the percentages on the 60/40 document, and suggests that it is up to the defendant to prove that Rita Genecin did not place the percentages on that document. This ignores the fact that it is the plaintiff, who brought this action, who bears the burden of proving that that document, in fact, evidenced Rita Genecin's intent. If it did not, then the only beneficiary designations for the IRA account are the per stirpes designations. The plaintiff has still failed to offer any evidence which would lead to a

7

