UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| ESTATE OF RITA GENECIN, by VICTOR GENECIN, Personal Representative,<br>    Plaintiff, | :<br>:<br>:<br>: |
| VS. | : CIVIL NO.3:01CV00211(MRK)<br>:<br>:<br>: |
| PAUL GENECIN and VICTOR GENECIN, in his individual capacity,<br>    Defendants. | :<br>: MAY 14, 2004<br>:<br>: |

**MOTION IN LIMINE OF PLAINTIFF ESTATE OF RITA GENECIN
TO PRECLUDE TESTIMONY OF DEFENDANT PAUL GENECIN**

Plaintiff hereby moves to preclude defendant Paul Genecin from testifying about his relationship with his mother Rita Genecin, the circumstances of the gifts of the Lautrec lithograph to him by his mother, the transfer of the interest in his mother's home to him, and the circumstances concerning Rita Genecin's IRA account which he was a beneficiary.

Defendant Paul Genecin is the first-listed defense witness on Defendant's List of Witnesses in the Joint Pretrial Memorandum, filed herewith.  The proffer reads:

> It is anticipated that [Paul] Genecin will testify about his relationship with his mother, the circumstances of the gifting the Lautrec to hi[m] by his mother, the transfer of the interest in his mother's home to him, and the circumstances concerning the IRA account.

Paul Genecin, however, is not a competent witness concerning any of these matters, and his testimony should be precluded.

This is an action for a declaratory judgment pursuant to Maryland Code Annotated of Estates and Trusts § 7-102 that plaintiff Estate of Rita Genecin is the owner of a lithograph

by Henri de Toulouse-Lautrec that was hanging in Rita Genecin's home when she died in August, 2000. The parties agree that Maryland law supplies the rule of decision herein.

In actions in which state law supplies the rule of decision, that state's law with respect to the competency of witnesses, including the state's Dead Man's Statute, must be applied.  Federal Rule of Evidence 601; Rosenfeld v. Basquiat, 78 F.3d 84 (2d Cir. 1996).

The Maryland Dead Man's Statute provides:

> A party to a proceeding by or against a personal representative, heir, devisee, distributee, or legatee as such, in which a judgment or decree may be rendered for or against them, or by or against an incompetent person, may not testify concerning any transaction with or statement made by the dead or incompetent person, personally or through an agent since dead, unless called to testify by the opposite party, or unless the testimony of the dead or incompetent person has been given already in evidence in the same proceeding concerning the same transaction or statement.

Md. Code Cts. & Jud. Proc. art., § 9-116.  This law "impose[s] silence upon interested parties as to transactions with or statements by the decedent." Reddy v. Mody, 39 Md. App. 675, 679, 388 A.2d 555, 559 (Md. Sp. App. 1978).  The test for determining whether there has been a "transaction" within the meaning of the Maryland Dead Man's statute is

> "[w]hether, in case the witness testify falsely, the deceased, if living, could contradict it of his own knowledge."

Schifanelli v. Wallace, 271 Md. 177, 184, 315 A.2d 513 (Md. 1974). The test for determining whether there has been a "transaction" within the meaning of the Maryland Dead Man's statute is "[w]hether, in case the witness testify falsely, the deceased, if living, could contradict it of his own knowledge." Schifanelli v. Wallace, 271 Md. 177, 184, 315 A.2d 513 (Md. 1974).

All of the topics set forth in the proffer of Paul Genecin's testimony -- his relationship with his mother, the circumstances of the gifting the Lautrec to him by his mother, the transfer of the interest in his mother's home to him, and the circumstances concerning the IRA account -- involve transactions between Paul Genecin and the decedent or statements made by the decedent, and, accordingly are barred by the Dead Man's Statute. To support his claim of an *inter vivos* gift against the Estate of Rita Genecin, Paul Genecin is limited to "testimony from disinterested persons." Reddy v. Mody, 39 Md. App. 675, 679, 388 A.2d 555, 559 (Md. Sp. App. 1978).

        THE PLAINTIFF,
        ESTATE OF RITA GENECIN, and DEFENDANT
        VICTOR GENECIN, in his individual capacity


       By   /s/David L. Belt   
         David L. Belt (ct 04274)
         JACOBS, GRUDBERG, BELT & DOW, P.C.
         350 Orange Street
         New Haven, CT  06503
         Tel.:(203) 772-3100
         Fax:(203) 772-1691
         Email: dbelt@jacobslaw.com
         Their attorney

## Certification

The undersigned hereby certifies that a copy of the foregoing motion was faxed and mailed first class, postage prepaid, on May 14, 2004 to:

Patrick M. Noonan
Delaney, Zemetis, Donahue, Durham & Noonan, P.C.
741 Boston Post Rd.
Guilford, CT 06437

           /s/David L. Belt
           David L. Belt